**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4367-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSE M. FELICIANO,

    Defendant-Appellant.

_____

Submitted May 12, 2021 – Decided June 3, 2021

Before Judges Ostrer and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 09-02-0486.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This is the third time we have reviewed a challenge by defendant Jose M. Feliciano to his 2011 conviction of second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1; second-degree robbery, N.J.S.A. 2C:15-1; and two counts of third-degree receiving stolen property, N.J.S.A. 2C:20-7, for which he was sentenced to fifteen years in State prison. We affirmed defendant's conviction and sentence on direct appeal, State v. Feliciano, No. A-2831-11 (App. Div. Apr. 22, 2014) (slip op. at 1-2), and the Supreme Court denied his petition for certification, State v. Feliciano, 222 N.J. 311 (2015). We subsequently reviewed the trial court's decision on defendant's petition for post-conviction relief (PCR), affirming the denial of defendant's claim of ineffective assistance based on "trial counsel's elicitation of defendant's history as a car thief" but remanding for an evidentiary hearing "counsel's decision to forego a severance motion." State v. Feliciano, No. A-0266-17 (App. Div. Nov. 9, 2018) (slip op. at 5, 7-8).

Judge Zunic conducted that hearing, at which both defendant and the lawyer who represented him at trial testified. As we recounted in our prior opinions, defendant was tried together with his younger brother for offenses they allegedly committed over a two-week period, including a robbery of a gas station patron, receipt of a stolen car and receipt and possession of a stolen handgun.

Id. at 2. Those offenses were committed with a third man, who testified against them. Ibid. Defendant's brother was also charged with a car-jacking occurring in the middle of those two weeks, committed with an unidentified man. Ibid. Defendant argued his counsel was ineffective for having failed to join his brother's unsuccessful motion to sever, which, had it been successful, would have shielded defendant from the testimony about the more serious carjacking charge.

At the hearing, defendant's counsel testified he spoke at length to defendant about trial strategy on many occasions, and that defendant time and again expressed his primary goal was to save his brother from a prison sentence. Counsel testified he recalled counsel for defendant's brother filing a severance motion, which defense counsel decided not to join for two reasons. First, counsel explained he thought the motion not "frivolous, but it pushed up on the limits" of being so. Second, counsel thought it inconsistent both with counsel's trial strategy and defendant's primary goal of assisting his brother. Specifically, counsel explained he thought defendant could better help his brother if the two were tried together, and "the carjacking piece in the case gave [counsel] [a] better opportunity to dirty up [the testifying co-defendant], which helped [defendant] with respect to the other charges."

A-4367-19

Trial counsel noted defendant was not convicted of the most serious charges in the indictment and his brother "walked."[1] Counsel testified that even though defendant initially disagreed with him on the strategy of not joining the severance motion, he "ultimately" came around. Asked to elaborate, counsel explained that at the time of the decision, defendant only went "along with it reluctantly and trusting that advice, but, at least to [his] observation, then became completely satisfied with it after the verdict."

Counsel testified that after the verdict, defendant "was, for lack of a better term, happy because he knew that the result also meant that his brother was out." Counsel recollected after speaking with defendant in the holding cell afterward, thinking defendant had been "completely straight with [him] from day one, which was the only thing he cared about was not his self-interest, but his brother's and when it was achieved, he was satisfied with the result, despite the fact that it meant some pretty bad things for him."

Defendant testified that one of his goals was certainly to help his brother. He maintained, however, he never agreed with not joining the severance motion, and believed trying the cases together made it more difficult to assert his

---

[1] Defendant testified his brother was only convicted of "joyriding" and "went home that day" because of the time he had already served.

brother's innocence. Defendant claimed that had the cases been severed, he would not have taken the case to trial but "would have pleaded out." In that case, defendant explained his brother could have gone "to trial, and [we] would have got the same results that we got." Defendant admitted on cross-examination, however, he was only willing to enter a plea to receiving stolen property and assault on an officer,[2] which the State never offered. Defendant also admitted he testified at trial that he, and not his younger brother, stole the car the three were found in, countering the co-defendant's testimony that he and defendant's brother had stolen it.

After hearing the testimony, Judge Zunic denied the petition in a written opinion. The judge made detailed credibility findings, finding trial counsel a credible witness with good recall and a forthright demeanor and defendant not credible and his testimony speculative and unsupported by the record. Applying the two-prong Strickland[3] standard, the judge found defendant did not establish his counsel's admittedly strategic decision not to join his brother's severance motion fell outside "the wide range of reasonable professional assistance,"

---

[2]  Defendant was charged with third-degree aggravated assault for ramming a police cruiser with the stolen car in which the three were arrested, injuring the officer driving.

[3]  Strickland v. Washington, 466 U.S. 668, 693-94 (1984).

Strickland, 466 U.S. at 689, and offered no proof the severance motion would have proved successful notwithstanding his brother's motion was denied. The judge also accepted counsel's testimony that defendant had agreed with counsel's strategic decision and thus that defendant could not establish the first prong of Strickland. Although noting that finding was dispositive of the application, the judge nonetheless addressed the second prong, finding defendant failed to demonstrate a reasonable probability the jury's verdict would have been more favorable had his case been severed from his brother's.

Defendant appeals, arguing a "severance motion would have been successful, given the inherent prejudice of the carjacking counts," and the trial court "merely rubber-stamped trial counsel's 'strategy' and conspicuously failed to assess whether prejudice was present in light of N.J.R.E. 404(b) and Cofield[4] requirements." We find that argument without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Defendant spends the better part of his brief arguing against the Cofield analysis the PCR court conducted in 2017, before our remand for an evidentiary hearing, ignoring the court's factual findings after that remand hearing. After hearing defendant and his trial counsel testify on remand, the court concluded

---

[4] State v. Cofield, 127 N.J. 328, 338 (1992).

counsel's considered decision to forego a severance motion was based on his trial strategy and defendant's goal of assisting his brother defeat all the charges against him — including the carjacking charge — and that defendant ultimately agreed with his counsel's choice to forego the motion, thus obviating the need for a <u>Cofield</u> analysis.

While defendant may wish to ignore those findings, we are not free to do so. <u>See</u> <u>State v. McNeil-Thomas</u>, 238 N.J. 256, 271-72 (2019) (reiterating "the customary role of an appellate court is not to make factual findings but rather to decide whether those made by the trial court are supported by sufficient credible evidence in the record" (quoting <u>State v. S.S.</u>, 229 N.J. 360, 365 (2017))). Because those findings are supported by sufficient evidence the trial court deemed credible, they are binding on appeal. <u>See</u> <u>State v. Pierre</u>, 223 N.J. 560, 576 (2015). They are also dispositive, establishing defendant cannot satisfy the first prong of the <u>Strickland</u> test. We also agree with the trial court that defendant has offered nothing to show a reasonable likelihood of a more favorable jury verdict were he to have been tried alone, thus failing to establish the second <u>Strickland</u> "prejudice" prong as well.

In short, we affirm the denial of defendant's petition substantially for the reasons expressed by Judge Zunic in his thorough and thoughtful opinion of March 6, 2020.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4367-19